**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4657**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JASON L. BECKHAM, a/k/a Jay at the Shop,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:14-cr-00604-JFA-2)

Submitted:  September 29, 2017                    Decided:  October 6, 2017

Before MOTZ, TRAXLER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

C. Fredric Marcinak, III, SMITH MOORE LEATHERWOOD, LLP, Greenville, South Carolina, for Appellant.  Beth Drake, United States Attorney, John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason L. Beckham pled guilty to conspiracy to possess with intent to distribute and to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012). Beckham appeals his conviction, arguing that plea counsel was ineffective. We previously denied the government's motion to dismiss Beckham's appeal on this claim, and the matter has now been fully briefed and is ripe for review. We affirm.

We do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). To prevail on his ineffective assistance of counsel claim, Beckham "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the plea context, "to satisfy the 'prejudice' requirement, [Beckham] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). We "need not determine whether counsel's performance was deficient before examining the prejudice suffered by [Beckham] as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

Beckham argues that evidence in the present record shows that he was devoted to his family and, therefore, that he would not have pled guilty had counsel correctly informed him of his full sentencing exposure. We conclude that this conjecture does not amount to a conclusive showing on the face of the record that Beckham would not have pled guilty but for counsel's errors. Because the record does not conclusively establish ineffective

assistance of counsel, this claim should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See Faulls*, 821 F.3d at 507; *see also Massaro v. United States*, 538 U.S. 500, 504-07 (2003) (discussing standard).

Accordingly, we affirm Beckham's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*